

**FILED**
February 11, 2025 04:53 PM
ST-2022-CV-00240
**TAMARA CHARLES
CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\***

JUSTIN NIGG and LORRAINE NIGG, )
)
Plaintiffs, )
)
vs. )   CASE NO. ST-2022-CV-00240
)
MARRIOTT HOTEL MANAGEMENT )
COMPANY (VIRGIN ISLANDS), INC., )   ACTION FOR DAMAGES
CREF3 USVI HOTEL OWNER, INC., )
MANITOU NORTH AMERICA, LLC., )   JURY TRIAL DEMANDED
BLUEWATER CONSTRUCTION INC., )
JEREMY HENKEL, and PROJECT )   <u>Cite as 2025 VI Super 4</u>
DEVELOPMENT SERVICES, INC., )
)
Defendants. )
)

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Project Development Service, Inc.'s ("PDSI") Motion for Leave to Allow Ruben Jose Lopez ("Lopez") to Testify Live at Trial via Remote Video. Plaintiffs filed an opposition to PDSI's motion.

### I.   **Relevant Background**

PDSI requests that the Court allow Lopez, a former employee and contractor of PDSI, to testify remotely. PDSI claims that Lopez is not currently an employee of PDSI and is the only eyewitness to the incident that led to John Nigg's death. Thus, his testimony is material to the case. PDSI further states that Lopez is a resident of Spring, Texas, and is unavailable to travel to the Virgin Islands to attend the trial in person. As an excuse for Lopez's remote live testimony, PDSI claims that Lopez is self-employed and working on a remote project in New Jersey, and he would like to testify from his home in Spring, Texas, or the project location in Paramus, NJ. In its reply, PDSI provided additional information to support its motion. It explains that Lopez is also dealing with the health needs of his wife, who was recently hospitalized, and that Lopez has to be present at his current job site in New Jersey due to the construction schedule. PDSI also informs the Court that Lopez will not be available in person until April 13, 2025, and that he is beyond the Court's subpoena power.

*Nigg v. Marriott, et al*
Case No. ST-2022-00240
Mem. Opinion & Order Permitting Witness to Testify Live at Trial via Remote Video
Page 2 of 6

Plaintiffs oppose PDSI's motion on the grounds that PDSI has failed to demonstrate compelling reasons, in-person testimony is critical for assessing credibility, there is no evidence that Lopez is unable to travel to the Virgin Islands, and PDSI's motion fails to propose appropriate safeguards.

## II.    Analysis

Rule 43(a) of the Virgin Islands Rules of Evidence provides that:

> (a) In Open Court. At trial, the witnesses' testimony must be taken orally in open court unless a statute of the Virgin Islands, the Virgin Islands Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Rule 43(a) of the Virgin Islands Rule of Civil Procedure is similar to Rule 43(a) of the Federal Rules of Civil Procedure.[1]  Therefore, the Court will look to the advisory committee notes and federal cases interpreting Rule 43(a) for guidance. The 1996 advisory committee notes Rules 43(a) of the Federal Rules of Civil Procedure provide that:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.

Fed. R. Civ. P. 43 (a)  advisory committee's notes to 1996 amendment. This underscores that remote testimony is the exception, not the rule. Live in-person testimony is the preferred method

---

[1] Fed. R. Civ. P. 43(a) provides that:

> **a) In Open Court.** At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

*Nigg v. Marriott, et al*
Case No. ST-2022-00240
Mem. Opinion & Order Permitting Witness to Testify Live at Trial via Remote Video
Page 3 of 6

for presenting evidence because it enhances truth-telling and allows the factfinder to better evaluate the witness's demeanor. However, for good cause in compelling circumstances and with appropriate safeguards, the court may permit remote testimony at trial by contemporaneous transmission from a different location. It should be noted that remote contemporaneous "transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial," and "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment. Determining good cause and compelling circumstances is a case-specific question that is left to the court's discretion. *Erbey Holding Corporation v. Blackrock Financial Management, Inc.*, 78 V.I. 206, 345, (V.I. Super. Ct. 2023) (noting that courts have inherent authority to allow remote testimony where appropriate); *see also Kanuszewski v. Shah*, 650 F.Supp.3d 575, 577 (E.D. Mich. 2023); *In re Hillbroom Litig.*, 2022 U.S. Dist. LEXIS 94816, *17 (D.C. Northern Mariana Islands 2022).

Here, PDSI claims that Lopez, a former employee of PDSI, cannot travel to the Virgin Islands until after April 13, 2025, due to the construction schedule of the construction project he is currently working on in New Jersey. To compound matters, Lopez is also dealing with his wife's unresolved medical health needs. PDSI has informed the Court that Lopez's wife was recently admitted to the hospital, and although she has been discharged, she requires around-the-clock care. In addition to the witness's employment constraints and his wife's medical emergency, Lopez does not work or reside within the Court's subpoena power. Rule 45 of the Virgin Islands Rule of Civil Procedure provides that a party may subpoena a person to testify at trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person." V.I. R. Civ. P. 45(c)(1)(A). PDSI has informed the Court that Lopez lives in Spring, Texas, and currently works in Paramus, New Jersey. These locations are more than 100 miles from the Virgin Islands. The Court's subpoena power does not extend to the places where Lopez resides or works. *United States EEOC v. Autozone, Inc. & Autozoners, LLC*, 2023 U.S. Dist. LEXIS 233280, *7-8 (D.C. ND Ill. 2023) (finding good cause where witnesses may be unwilling to appear voluntarily, cannot be compelled to appear by the court because they are outside of the Court's subpoena power and are not the party's employees). Under V.I. R. Civ. P. 32(a)(4), Lopez would be considered an

*Nigg v. Marriott, et al*
Case No. ST-2022-00240
Mem. Opinion & Order Permitting Witness to Testify Live at Trial via Remote Video
Page 4 of 6

unavailable witness as he is "more than 100 miles from the place of . . . trial" and his deposition testimony could be used as evidence at trial.

The Court recognizes that testifying at trial by videoconference is undoubtedly not the same as testifying in person at a trial where a witness testifies in the same room as the factfinder. However, in this Court's view, contemporaneous remote testimony is preferable to reading a deposition transcript, presenting a prior recorded deposition testimony, or not having a critical witness testify. *See, e.g., Perotti v. Quinones*, 790 F.3d 712, 723-24 (7th Cir. 2015). With contemporaneous remote testimony, the jury can still observe a witness's demeanor and mannerisms in real-time, hear the witness's response to questions in the courtroom with little or no noticeable delay, and the parties can effectively examine and cross-examine a witness in the presence of the jury. Even though not equivalent to in-person appearance, technological advances, particularly since the COVID-19 pandemic, have made remote appearances more realistic, commonplace, and trustworthy.

Rule 43(a) requires the implementation of appropriate safeguards when a court permits testimony in open court by contemporaneous transmission from a different location. The safeguards adopted must ensure accurate identification of the witness, protect against influence by persons present with the witness or who may have access to the witness by remote means, and ensure accurate transmission of the testimony. Appropriate safeguards can minimize concerns regarding the integrity of the witness's testimony, undue influence by others, or disruptions by technological or environmental factors.

## III.    Conclusion

The Court finds that PDSI has demonstrated "good cause in compelling circumstances" in light of the recent health emergencies of Lopez's wife, the time-sensitive project which demands Lopez's presence on the job site,  and the fact that Lopez is beyond the subpoena power of the  Court as he resides and work more than 100 miles from the Virgin Islands. Additionally, Lopez is self-employed,  a former employee of PDSI,  and, as such, is an independent witness who is not under the control of any party.  The parties have acknowledged that Lopez is a key witness. In fact, he is the only identified eyewitness of the incident that led to John Nigg's death on July 17, 2021. He should be permitted to testify by contemporaneous transmission from a

*Nigg v. Marriott, et al*
Case No. ST-2022-00240
Mem. Opinion & Order Permitting Witness to Testify Live at Trial via Remote Video
Page **5** of **6**

different location. Therefore, the Court will permit Lopez to testify via Zoom remotely. With the appropriate safeguards, the Court is assured that the jury will be able to assess Lopez's demeanor and credibility. Accordingly, it is hereby

**ORDERED** that PDSI's Motion for Leave to Allow Ruben Jose Lopez to Testify Live at Trial via Remote Video is **GRANTED**; and it is further

**ORDERED** that Lopez shall be permitted to testify at the trial in this matter via Zoom; and it is further

**ORDERED** that the Clerk of the Court shall provide PDSI with a Zoom link for Ruben Lopez to testify during trial; and it is further

**ORDERED** that Lopez is prohibited from sharing the Zoom link with any other person or entity; and it is further

**ORDERED** that PDSI shall ensure that Lopez adheres to the following safeguards:

(1) The witness shall be appropriately dressed as would be expected if he were physically present in the courtroom.

(2) The witness shall have a government-issued ID available and be ready to show his ID and hold it up to the camera if requested by the Court or any of the parties.

(3) When the witness is testifying, no other person or pets should be present in the room or be able to access the room during his testimony. If requested, the witness must be able to show a 360-degree view of the room from which he is testifying. The witness shall not be permitted to testify from a vehicle.

(4) While testifying, the witness is prohibited from communicating with any other person and sending any texts, emails, or notes to any person or reading any texts, emails, or notes sent by any person to him.

(5) The witness shall be in a quiet room. Cellphones, smartwatches, fans, televisions, radios, or any other communication or recording devices must be

*Nigg v. Marriott, et al*
Case No. ST-2022-00240
Mem. Opinion & Order Permitting Witness to Testify Live at Trial via Remote Video
Page **6** of **6**

turned off. No background noise shall be audible during the witness's testimony.

(6) PDSI must ensure that the witness has a strong internet connection to prevent disruptions or loss of feed during his testimony.

(7) The witness shall use a desktop or laptop to testify. A cell phone is not permitted, and the desktop or laptop must be fully charged or plugged into an electrical or power source before the witness commences his testimony.

(8) The camera must be on during the witness's testimony and clearly capture the witness's face and shoulders. He should have good lighting, avoiding shadows and bright backlighting.

(9) The witness shall not record or share his testimony.

(10) The witness must ensure that the device he uses to testify has adequate audio capacity.

(11) PDSI shall ensure that the witness has all necessary technical support to avoid technological difficulties and delays.

**ORDERED** that if the witness or PDSI fails to adhere to the safeguards, the witness shall not be permitted to testify remotely via contemporaneous transmission.

**ORDERED** that copies of this Order shall be distributed to counsel of record.

Date: February 11, 2025

**CAROL THOMAS JACOBS**
**Judge of the Superior Court**
**of the Virgin Islands**

**ATTEST**:
TAMARA CHARLES
Clerk of the Court

By: _____ 02/13/2025
Latoya Camacho
Court Clerk Supervisor ___ / ___ / ____